IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-09-0619 |
| | * | Civil No. JFM-11-1904 |
| | * | |
| GERALD GARDNER | * | |
| | ***** | |

MEMORANDUM

Gerald Gardner has filed this motion under 28 U.S.C. §2255. He previously pled guilty to possession with intent to distribute heroin and was sentenced to 180 months imprisonment. Defendant appealed his conviction and the conviction was affirmed by the Fourth Circuit. In the present action Gardner complains that his counsel was ineffective in not moving to suppress the evidence that was seized from his car because the stop of the car was itself in violation of the Fourth Amendment.

Gardner's motion will be denied. Officer Greg Pilkerton of the Anne Arundel County Police Department received a telephone call from a Community Center saying that a black female and a black male were engaged in an assault incident at the Community Center. A few moments later Office Pilkerton received another call indicating that the male was making threats to kill everyone at the Center. Officer Pilkerton went to the Center. He observed that the parking lot was full but that no persons were in the lot. There was a black male, subsequently identified as Gardner, in a car leaving the parking lot.

The officer placed his car so that Gardner's car could not leave. The officer then got out of his car at the same time that Gardner got out of his car. As Gardner was getting out of his car, according to Officer Pilkerton "he immediately stated to me," 'She fell and scraped her leg.'"

Officer Pilkerton then put Gardner in handcuffs. He went inside to investigate the

incident. He observed a black female sitting in a chair, bleeding from the knee. Witnesses advised Officer Pilkerton and other officers that Gardner had been throwing the female to the ground. Another witness told the police that they should search Gardner's car because Gardner probably had a gun.

Officer Pilkerton then went back outside and placed Gardner under arrest. Police then asked Gardner if he minded if they searched the car. Gardner said there was no gun in the car, and that the police could search it. The police then searched the car and discovered narcotics and other evidence.

I previously found that Gardner consented to the search of his car. I also implicitly ruled that it was entirely reasonable for Officer Pilkerton to prevent Gardner from leaving the scene and to place him in handcuffs pending investigation of the incident. I remain of the view that Officer Pilkerton's actions were entirely reasonable and appropriate, and therefore not violative of the Fourth Amendment. Accordingly, Gardner's motion to vacate will be denied.


Date:   January 10, 2012                             /s/
                                                                 J. Frederick Motz
                                                               United States District Judge